UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00454-DJH-RSE

**DEMONTRA D.**                                                                             **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*[1]                       **DEFENDANT**

## REPORT AND RECOMMENDATION

The Commissioner of Social Security denied Demontra D.'s ("Plaintiff's") application for supplemental security income benefits. Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (DN 1). Both Plaintiff (DN 16, 17) and the Commissioner (DN 23) have filed a Fact and Law Summary. The District Judge has referred this case to the undersigned United States Magistrate Judge to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law, and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). (DN 10).

I. Findings of Fact

Plaintiff is 24 years old and holds a General Educational Development ("GED") Certificate of High School Equivalency. (Tr. 280, 236). Plaintiff is presently unemployed but has past relevant work experience as a cook helper at Krispy Kreme from July 2017 to May 2018. (Tr. 237). On February 7, 2019, Plaintiff protectively filed an application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, alleging disability beginning on

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

January 1, 2019. (Tr. 191).[2] Plaintiff claimed he could not perform work at substantial gainful levels due to severe mental health issues, including bipolar disorder, depression, suicidal thoughts, anxiety, and severe PTSD, and due to physical ailments that include pain from plates in his knee, plates and screws in his pelvis, and a rod in his left femur, as well as diastasis pubis symphysis, elbow pain from a left elbow fracture, and numbness in his hands and feet. (Tr. 235). His application was denied initially on June 5, 2019 (Tr. 113) and upon reconsideration on August 7, 2019 (Tr. 126). On Plaintiff's request, a hearing was conducted in Louisville, Kentucky before Administrative Law Judge Neil Morholt ("ALJ Morholt") on March 25, 2020. (Tr. 40–63). Plaintiff appeared with his attorney, Kevin McDowell. (Tr. 42). ALJ Morholt issued an unfavorable decision on April 17, 2020. (Tr. 19–34).

ALJ Morholt applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Plaintiff has not engaged in substantial gainful activity since February 7, 2019, his application date. (Tr. 24). Second, Plaintiff has the severe impairments of residuals from lumbar, thoracic, left femur, and pelvic fractures; bipolar disorder; anxiety disorder; post-traumatic stress disorder; and borderline intellectual functioning. (*Id.*). Third, none of Plaintiff's impairments or combination of impairments meets or medically equals the severity of a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 25). ALJ Morholt then determined Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b), with the following limitations:

> He can frequently climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds; he can occasionally stoop, kneel, crouch, and crawl, and can frequently be exposed to vibration, unprotected heights, and moving mechanical

---

[2] Plaintiff previously applied for benefits on July 19, 2016 and again on March 30, 2017. (Tr. 66; Tr 78). Plaintiff's applications were denied on September 12, 2016 and June 5, 2017, respectively, at the initial stage of the administrative process. (Tr. 78). He did not appeal those determinations. (*Id.*).

2

parts; he can understand, remember, and carry out simple, routine, repetitive tasks in a routine work setting for extended two-hour periods; and he can have occasional interaction with supervisors and coworkers, but no contact with the general public.

(Tr. 26).

Fourth, ALJ Morholt found Plaintiff unable to perform any of his past relevant work as actually or generally performed. (Tr. 32). Fifth and finally, considering Plaintiff's age, education, work experience, and RFC, ALJ Morholt determined there are jobs that exist in significant numbers in the national economy that he can perform. (*Id.*). ALJ Morholt concluded that Plaintiff was not disabled, as defined in the Social Security Act, from February 7, 2019 through the date of his decision. (Tr. 33).

Plaintiff sought review of ALJ Morholt's decision. (Tr. 182–84). The Appeals Council declined review on April 20, 2021. (Tr. 7). At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. (DN 1).

## II. Standard of Review

When reviewing the administrative law judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the

other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### III. Conclusions of Law

Plaintiff raises three claims of error he believes impacted ALJ Morholt's RFC determination. First, he claims ALJ Morholt erred in his consideration of psychological consultant Shon Goodwin's opinion. (DN 17, at PageID # 1284). Plaintiff also argues ALJ Morholt should have incorporated moderate limitations in adapting and managing oneself, consistent with the findings of state agency consultants Drs. Laura Cutler and Mary Thompson, into the RFC. (*Id.*). Lastly, Plaintiff suggests ALJ Morholt committed reversible error by failing to assess state agency psychologist Dr. Dan Vandivier's opinion. (*Id.*). For these reasons, Plaintiff submits ALJ Morholt's RFC, and ultimate disability determination, are not supported by substantial evidence.

A claimant's RFC is defined as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c). Put otherwise, the RFC is the most a claimant can do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An ALJ bases his RFC determination on "all of the relevant medical and other evidence" in the case record. *Id.* (a)(3). This requires the ALJ to evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

### A. Evaluation of Goodwin's Opinion

The new regulations for evaluating medical opinions are applicable here since Plaintiff's claim was filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c (2017). Under the new

regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors" when determining the persuasiveness of an opinion. 20 C.F.R. 404.1520c(c)(1)–(5). But the ALJ need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 404.1520c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive it will be. 20 C.F.R. § 404.1520c(c)(2).

Plaintiff submits that ALJ Morholt failed to evaluate the supportability and consistency of Goodwin's opinion. (DN 17, at PageID # 1287). This error was compounded, according to Plaintiff, by ALJ Morholt's failure to incorporate in the RFC the portions of Goodwin's opinion he found "generally persuasive." (*Id.*). The Commissioner argues that ALJ Morholt was not required to consider Goodwin's opinion because it was rendered prior to the alleged onset date. (DN 23, at PageID # 1326).

While it is true that "[t]he proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after [the] application date," *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993), the Sixth Circuit "does not endorse the position that all evidence or medical records predating the alleged date of the onset of disability . . . are necessarily irrelevant or automatically barred from consideration[.]" *O'Malley v. Comm'r of Soc. Sec.*, 210 F.

5

Supp. 3d 909, 915 (S.D. Ohio 2016) (citing *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. Appx. 411, 414 (6th Cir. 2006)). Rather, "the Sixth Circuit recognize[s] that evidence . . . predating the onset of disability, when evaluated in combination with later evidence, may help establish disability." *Id.* The Court, therefore, rejects the Commissioner's argument that ALJ Morholt was not required to consider Goodwin's opinion.

In Plaintiff's most recent application, he alleged disability beginning on January 1, 2019. Goodwin examined Plaintiff on May 1, 2017, nearly two years prior to the alleged onset date. Still, ALJ Morholt appropriately considered her findings, and even accepted and incorporated them where appropriate. As summarized by ALJ Morholt, Goodwin opined that Plaintiff would be only "moderately hindered in his ability to seek and maintain employment" and "could understand and follow single step and repetitive directions, sustain attention to perform simple, repetitive tasks, adapt to a work environment that will accommodate his mental health needs, . . . and could tolerate the stress and pressure associated with day to day work activity after a lengthy period of adjustment and acclimation to the work environment and coworkers." (Tr. 31). In addition, while Goodwin suggested Plaintiff "would have difficulty relating to others, including coworkers and supervisors," she also found that "his failure to complete the battery of testing indicated an attempt to exaggerate cognitive and/or psychological difficulties." (*Id.*).

ALJ Morholt found Goodwin's opinion "generally persuasive." (*Id.*). And although ALJ Morholt should have articulated the supportability and consistency factors, as required by 20 C.F.R. § 404.1520c(b)(2), this error was harmless. *See Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170, at *6 (E.D. Mich. Aug. 13, 2021) ("In some instances, the failure to apply the rules properly can be harmless error, such as . . . where the Commissioner "has met the goal of . . . the procedural safeguard of reasons.") (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F. 3d

6

541, 547) (6th Cir. 2004)). The articulation requirement of the regulations serves several purposes, including "maintaining public confidence in the basic fairness of the administration of the Social Security program to have disappointed claimants at least understand why the government has rejected [an] opinion[.]" *Smalley v. Comm'r of Soc. Sec.*, No. 20-1865, 2021 WL 4026783, at *4 (6th Cir. Sept. 3, 2021). Here, this goal is met, particularly since ALJ Morholt did not reject Goodwin's opinion. He accepted it as "generally persuasive" and formulated an RFC in line with Goodwin's findings.

      Despite Plaintiff's contrary assertion, ALJ Morholt provided specific limitations consistent with Goodwin's view that he could tolerate stresses and pressures after appropriate acclimation, and that he could follow simple direction and perform routine tasks but would have difficulty relating to others. ALJ Morholt provided: "[Plaintiff] can understand, remember, and carry out simple, routine, repetitive tasks in a routine work setting for extended two-hour periods; and he can have occasional interaction with supervisors and coworkers, but no contact with the general public." (Tr. 26). As the Commissioner notes, "an ALJ need not adopt a medical opinion verbatim, even if he found it persuasive." *Bryson v. Comm'r of Soc. Sec.*, No. 3:20-CV-667-CHB, 2022 WL 945318, at *3 (W.D. Ky. Mar. 29, 2022). Moreover, ALJ Morholt was required to consider later-submitted, more up-to-date evidence to get a full picture of Plaintiff's limitations, and appropriately declined to rely more heavily on Goodwin's remote findings. *See Durard v. Comm'r of Soc. Sec.*, No. 5:20-CV-00102-LLK, 2021 WL 467208, *2 (W.D. Ky. Feb. 9, 2021) ("[A]n ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if there is 'some indication that the ALJ at least considered these facts.'") (quoting *Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 493-94 (6th Cir. 2008)).

The Court finds no error in ALJ Morholt's incorporation (or lack of incorporation) of Goodwin's findings into the RFC. The Court further finds that ALJ Morholt's failure to articulate the supportability and consistency of Goodwin's opinion was harmless error, as he accepted her findings as generally persuasive and developed an RFC largely consistent with them. The Court, therefore, does not recommend remand on either of these bases.

### B. Incorporating Limitations

Plaintiff next offers that ALJ Morholt should have "incorporate[d] moderate limitations in the category of adapting and managing oneself" into his RFC determination, consistent with the opinions of state agency consultants Drs. Laura Cutler and Mary Thompson. (DN 17, at PageID # 1294). The Commissioner contends that ALJ Morholt accepted and accommodated for the state agency consultants' findings and that additional limitations are not supported by the record evidence. (DN 23, at PageID # 1331).

As an initial matter, the portion of the state agency consultants' findings that Plaintiff refers to is the "IMPAIRMENT" category, subcategory "'B' CRITERIA OF THE LISTINGS." (*See* Tr. 84, 102). ALJ Morholt acknowledged that Plaintiff "has moderate limitations in his ability to adapt or manage himself" in determining whether he met the "paragraph B" criteria at step three of the sequential evaluation. (Tr. 26). Thus, where appropriate, ALJ Morholt accepted that the evidence supports the state agency consultants' findings in that area. But under the regulations, a "moderate limitation" means the claimant's mental functioning "independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(c). On the other hand, a "marked limitation" would "seriously limit" such functioning, and an "extreme limitation" would prohibit it "on a sustained basis." *See id.* at (d), (e).

Having noted Plaintiff's moderate limitation in the area of mental functioning at step three,

8

ALJ Morholt was required to perform a more thorough assessment of the record evidence to develop Plaintiff's RFC. As ALJ Morholt correctly stated, "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 . . . The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation processes requires a more detailed assessment of the areas of mental functioning" and "reflects the degree of limitation [] found in the 'paragraph B' mental function analysis." (Tr. 26). In his RFC assessment, ALJ Morholt cited to the state agency consultants' findings that despite his moderate mental limitation, Plaintiff could "understand, remember, and carry out simple one and two-step instructions, sustain attention for two-hour segments for simple tasks, tolerate occasional contact with coworkers and supervisors in nonpublic settings, and adapt to routine changes as needed." (Tr. 31–32). ALJ Morholt found their opinions well-supported by the record evidence and consistent with Plaintiff's "work history, his limited mental health treatment, generally mild to normal mental status examinations by treating providers, and lack of psychotropic medications." (Tr. 32).

As previously stated, ALJ Morholt was not required to adopt any medical opinion verbatim even if he deemed it persuasive. *Bryson*, 2022 WL 945318 at *3. Even so, ALJ Morholt crafted an RFC that in many ways mirrors the state agency consultants' findings. He determined Plaintiff could "understand, remember, and carry out simple, routine, repetitive tasks in a routine work setting for extended two-hour periods," just as the state agency consultants opined. He further found that Plaintiff could have occasional interaction with supervisors and coworkers, but no contact with the general public, again consistent with the state agency consultants' findings. And most critically, in finding that Plaintiff could adapt to routine changes as needed, ALJ Morholt incorporated the state agency consultants' precise findings.

9

Lastly, in developing the RFC, ALJ Morholt considered Plaintiff's own testimony that he could "handle self-care and personal hygiene," "drive, take public transportation, prepare simple meals, complete household chores, shop, attend church, [] handle his own medical care," and care for his pet fish. (*Id.*). "An ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Langner v. Saul*, No. 1:19-CV-2850, 2020 WL 9078249, at *10 (N.D. Ohio Dec. 4, 2020), report and recommendation adopted, No. 1:19-CV-2850, 2021 WL 1295099 (N.D. Ohio Apr. 7, 2021) (internal citations and quotation marks omitted). ALJ Morholt's RFC determination shows careful consideration of the record and is supported by substantial evidence. He acknowledged Plaintiff's moderate limitation in adapting and managing himself at step three and appropriately considered this limitation again when developing the RFC. For these reasons, the Court does not recommend remand on this basis.

### C.  Evaluation of Dr. Vandivier's Opinion

Plaintiff submits that ALJ Morholt erred in failing to evaluate the opinion of Dr. Dan Vandivier, rendered May 26, 2017. (DN 17, at PageID # 1298). The Commissioner contends that, as with Goodwin's opinion, ALJ Morholt appropriately ignored Dr. Vandivier's opinion because it pre-dated the alleged disability period. (DN 23, at PageID # 1323–24).

The Court, again, rejects the Commissioner's argument. The regulations provide that "[w]e will consider all evidence in your case record when we make a determination or decision whether you are disabled." 20 C.F.R. § 404.1520. They further assure that "[w]e will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record." 20 C.F.R. § 404.1520c. Although Dr. Vandivier issued his opinion before the alleged onset date, it is not necessarily irrelevant and could theoretically affect Plaintiff's disability claim when considered in the context of the entire record.

10

ALJ Morholt's failure to assess Dr. Vandivier's opinion was error.

Under similar circumstances, however, the Sixth Circuit has found this error harmless. In *Heston v. Comm'r of Soc. Sec.*, the administrative law judge failed to discuss a treating physician's report summarizing the plaintiff's medical history as of February 1992, although the alleged disability period began in November of that year. 245 F.3d 528, 536 (6th Cir. 2001). The Court of Appeals held that "[a]lthough medical history is relevant to a claimant's condition, [a plaintiff's] medical history should not be given more weight than that of a doctor observing plaintiff during the relevant period of disability." *Id.* Recognizing that the administrative law judge should have discussed the report despite its remoteness, the Sixth Circuit nevertheless found that his decision was supported by substantial evidence and affirmed. *Id.* at 535 ("The court may review [the] report, in its consideration of the record as a whole, to determine if the ALJ's decision was based upon substantial evidence, even if the ALJ failed to cite the report in its conclusion. . . . A review of [the] report does not mandate a reversal of the ALJ's decision that [plaintiff] is not disabled.").

Moreover, while courts frequently find that failure to discuss "contradictory evidence" in the record is not harmless error, ALJ Morholt's RFC determination is not entirely inconsistent with Dr. Vandivier's findings. Plaintiff suggests ALJ Morholt's error was not harmless because Dr. Vandivier opined that Plaintiff could only "sustain attention, consistent effort and pace for simple tasks requiring little independent judgment and requiring minimal variations" and ALJ Morholt's RFC determination did not incorporate this limitation. But having reviewed Dr. Vandivier's findings, the Court finds they are less restrictive than Plaintiff interprets them to be. Nothing in Dr. Vandivier's opinion indicates that Plaintiff could not make simple work-related decisions. ALJ Morholt's determination that Plaintiff could understand, remember, and carry out simple, routine, repetitive tasks in a routine work setting for extended two-hour periods is overall consistent with

Dr. Vandivier's findings.

Perhaps most importantly, Plaintiff obtained employment as a cook helper at Krispy Kreme in July 2017, two months after Dr. Vandivier's and Goodwin's opinions issued, and maintained such employment for nearly one year, until May 2018. This job, which has an SVP of 2 and is considered "unskilled," required "medium exertion" according to impartial vocational expert Tina Stambaugh, who testified at Plaintiff's hearing. (*See* Tr. 56–58). Plaintiff also testified that he left his employment at Krispy Kreme because of injuries sustained in a motor vehicle accident, and not because of any cognitive or psychological difficulties. In finding unpersuasive another "longitudinally remote" psychological consultative opinion from September 2016, ALJ Morholt deemed it "inconsistent with and not supported by the updated medical and other evidence of the current record, which shows only moderately impaired mental status examinations, generally conservative mental health treatment, and reported activities of daily living." (Tr. 31). The same can be said of Dr. Vandivier's opinion. Even if it accurately reflected Plaintiff's impairments at the time it was issued, it is unsupported by updated records and contradicted by Plaintiff's subsequent employment, diminishing both its relevance and reliability.

Upon review of Dr. Vandivier's opinion, the Court finds it does not mandate reversal of ALJ Morholt's determination that Plaintiff is not disabled. Although ALJ Morholt should have discussed the report in his decision, his failure to do so, in this case, was harmless error. The Court does not recommend remand on this basis.

## RECOMMENDATION

For the above-stated reasons, the Court finds that the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE RECOMMENDED** that the final decision of the Commissioner be **AFFIRMED.**

Regina S. Edwards, Magistrate Judge
United States District Court

July 18, 2022

NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:     Counsel of Record

13